UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JACKIE LEE WILLIAMS                                             PETITIONER
ADC #093224

V.                          NO. 5:17CV00017-BSM-JTR

WENDY KELLEY, Director,                                         RESPONDENT
Arkansas Department of Correction

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Pending before the Court is a § 2254 Petition for Writ of Habeas Corpus filed by Jackie Lee Williams ("Williams"), an Arkansas Department of Correction ("ADC") inmate. *Doc. 3*. Before addressing the merits of Williams's habeas claims, the Court will review the procedural history of this case in state and federal court.

1

In 1995, Williams was charged in a single felony information, in Pulaski County Circuit Court Case No. CR 95-2566, with three counts of rape, involving three different victims. *Doc. 3 at 50-51*. The three counts were ultimately severed for individual trials. *See Williams v. Kelley*, 2017 Ark. 200 (reciting procedural history).

On February 28, 1996, a jury convicted Williams of raping Marcia Bosah, the first of the cases to go to trial. He was sentenced, as an habitual offender, to twenty-five years of imprisonment in the ADC. *Doc. 18-4*. On April 2, 1997, the Arkansas Court of Appeals affirmed. *Williams v. State*, 1997 WL 160778 (Ark. Ct. App. Apr. 2, 1997) (*Williams I*).

On May 21, 1997, a jury convicted Williams of raping Venita Campbell, but deadlocked on punishment. On June 13, 1997, the trial court sentenced Williams to life imprisonment, to run consecutive to his twenty-five year sentence from *Williams I*. *Doc. 18-3*. On January 29, 1998, the Arkansas Supreme Court affirmed. *Williams v. State*, 331 Ark. 263, 962 S.W.2d 329 (Ark. 1998) (*Williams II*).

On September 4, 1997, a jury convicted Williams of raping Patria Phillips and sentenced him to life imprisonment, to run consecutive to the two prior sentences. *Doc. 18-2*. On May 4, 2000, the Arkansas Supreme Court affirmed. *Williams v. State*, 2000 WL 546653 (Ark. Sup. Ct. May 4, 2000) (*Williams III*).

Williams filed several post-conviction actions in the state courts attacking his convictions and sentences:

- On April 29, 1998, he filed a state petition for writ of habeas corpus in Jefferson County Circuit Court, challenging all three of his rape convictions. The trial court denied the petition, and the Arkansas Supreme Court affirmed on January 20, 2000. *Williams v. Norris,* 2000 WL 86599 (Ark. Sup. Ct. Jan. 20, 2000). The mandate issued on February 8, 2000.

- On April 21, 1999, he filed a Rule 37 petition in Pulaski County Circuit Court, attacking all three convictions. On July 12, 1999, the trial court denied the petition. Williams did *not* appeal. *See Williams § 2254 I, infra, doc. 23 at 3, 10-16.*

- On July 25, 2000, Williams filed a second Rule 37 petition in Pulaski County Circuit Court, challenging all three convictions. On October 27, 2000, the trial court denied the petition as untimely. Williams did *not* appeal. *Id., doc. 23 at 3, 17-28.*

- On July 15, 2003, Williams filed a second state petition for writ of habeas corpus in Jefferson County Circuit Court, which appeared to challenge only the *Williams I* conviction. The trial court denied the petition, and the Arkansas Supreme Court affirmed on March 31, 2005. *Williams v. Norris,* 2005 WL 730346 (Ark. Sup. Ct. Mar. 31, 2005).

On March 26, 2007, Williams filed a § 2254 habeas action in this Court challenging *only the conviction in Williams I. Williams v. Norris*, E.D. Ark. No. 5:07cv00065-JTR. (*Williams § 2254 I*). On March 31, 2009, this Court dismissed the action with prejudice, finding that it was barred by the one-year statute of limitations applicable to § 2254 habeas actions. *Id., docs. 23 & 24.*[1] On June 17,

---

[1]The Court determined that: (1) the *Williams I* conviction was "final" on July 1, 1997; (2) the statute of limitations was tolled during the pendency of Williams's first state habeas petition,

3

2009, the Eighth Circuit Court of Appeals denied Williams's request for a certificate of appealability, and dismissed his appeal. *Williams v. Norris*, No. 09-2122 (8th Cir. June 17, 2009). On August 31, 2009, the Court denied his petition for rehearing.

On June 11, 2014, Williams filed, with the Eighth Circuit, an application for permission to proceed with a successive § 2254 habeas action challenging his conviction in *Williams I*. The Eighth Circuit denied the application. *Williams v. Hobbs*, No. 14-2370 (8th Cir. Sept. 18, 2014).

Williams then returned to state court, where he filed two more post-conviction actions challenging all three of his convictions and sentences:

- On April 6, 2015, he filed a petition to correct an illegal sentence, pursuant to Ark. Code Ann. § 16-90-111, in Pulaski County Circuit Court. The trial court denied his petition, and the Arkansas Supreme Court affirmed on January 21, 2016. *Williams v. State,* 2016 Ark. 16, 479 S.W.3d 544.

- On October 5, 2016, Williams filed a third state habeas petition. The Jefferson County Circuit Court denied the petition, and the Arkansas Supreme Court affirmed on June 1, 2017. *Williams v. Kelley,* 2017 Ark. 200.

---

but ran before and after that period; (3) there was no other statutory or equitable tolling; (4) he thus had until March 23, 2000, to file a timely § 2254 habeas action challenging the *Williams I* conviction; and (5) his § 2254 Petition was untimely because it was initiated more than seven years after this deadline. *Id., doc. 23 at 5-7.* Because Williams argued that he was confused about when to pursue state post-conviction remedies due to the order in which his cases were tried, the Court went on to conclude that, "giving Petitioner the benefit of continuous tolling (for the *entire time period,* from the date of his *first* rape conviction until the conclusion of his direct appeal in his *last* rape conviction), it would still result in his claims [challenging the *Williams I* conviction] being time barred." *Id., doc. 23 at 7-8.*

On January 19, 2017, Williams filed this § 2254 habeas action, challenging the rape convictions in each of his three separate Pulaski County Circuit Court cases. *Doc. 3*. Respondent filed a Motion to Dismiss, arguing that this § 2254 action is a "successive application" under 28 U.S.C. § 2244(b)(3)(A). *Docs. 7 & 8*. Williams filed a Response, contending that this action is *not* successive because his first § 2254 action challenged only the *Williams I* conviction and this is the first time he has challenged *all three convictions* in a federal § 2254 habeas action. *Doc. 10*.

On June 16, 2017, the Court ordered Respondent to file a Reply addressing: (1) Williams's argument that this § 2254 action is not successive; and (2) the applicability of the statute of limitations. *Doc. 14*. Respondent and Williams both filed Replies. *Docs. 17 & 18*. Thus, the issues are joined and ready for disposition.

For the reasons discussed below, the Court concludes that all of Williams's habeas claims should be dismissed because they are either successive or barred by the applicable statute of limitations.

## II. Discussion

### A.  Williams's Claims Challenging His Conviction and Sentence in *Williams I* Are Successive

Williams's § 2254 habeas petition is clearly successive as to his rape conviction and twenty-five-year sentence in *Williams I*. Only the Eighth Circuit Court of Appeals has the authority to allow a habeas petitioner to file a successive §

2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until Williams obtains the required authorization from the Eighth Circuit, this Court lacks jurisdiction to proceed on any claims regarding *Williams I*. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

Accordingly, the Court concludes that all habeas claims challenging the *Williams I* conviction and sentence should be dismissed, without prejudice.

**B.    Williams's Claims Challenging His Convictions and Sentences in *Williams II* and *Williams III* Are Barred by the Statute of Limitations**

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for habeas relief within one year of the date the "judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When the prisoner is entitled to appeal his state conviction to the United States Supreme Court, the judgment of conviction becomes "final" when the Supreme Court "affirms [the] conviction on the merits or denies a petition for certiorari," *or*, if certiorari is not sought, when the time for filing such a petition expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

On January 29, 1998, the Arkansas Supreme Court affirmed Williams's rape conviction in *Williams II*. He elected not to file a petition for writ of certiorari with

the United States Supreme Court. Thus, the *Williams II* conviction became "final" on April 29, 1998, the date the ninety-day period for seeking certiorari expired. *See* U.S. Sup. Ct. R. 13.1. From that date, Williams had one year, until **April 29, 1999,** to file a federal habeas action challenging the *Williams II* conviction.

On May 4, 2000, the Arkansas Supreme Court affirmed Williams's rape conviction in *Williams III.* Because he did not file a petition for writ of certiorari with the United States Supreme Court regarding this conviction, it became "final" on August 2, 2000, when the ninety-day certiorari period expired. From that date, Williams had one year, until **August 2, 2001,** to file a federal habeas action challenging the *Williams III* conviction.

Williams initiated this action on January 19, 2017, more than seventeen years *after* expiration of the one-year statute of limitations for the *Williams II* conviction, and more than fifteen years *after* expiration of the statute of limitations for the *Williams III* conviction. Thus, unless the Court determines there was statutory or equitable tolling, this § 2254 action is clearly untimely as to Williams's convictions in both of those cases.

1. **Statutory Tolling**

The federal limitations period is statutorily tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction

relief is filed in the trial court and runs, in one continuous block of time, until the petition "has achieved final resolution through the State's post-conviction procedures." *Carey v Saffold,* 536 U.S. 214, 220 (2002).

As to Williams's conviction in *Williams II*, Respondent concedes that the limitations period was tolled during the pendency of Williams's first state habeas proceeding. *Doc. 18 at 7.* Thus, the limitations period was tolled until February 8, 2000, when the Arkansas Supreme Court issued its mandate affirming the denial of state habeas relief. *See Lawrence v. Florida,* 549 U.S. 327, 331-32 (2007) (state post-conviction application remains "pending" until state's highest court has issued its mandate or denied review). This extended Williams's deadline, for filing a § 2254 habeas action challenging the *Williams II* conviction and sentence, to **February 8, 2001**, at the latest.

Because Williams's first Rule 37 petition was filed and dismissed while his state habeas appeal was pending, it is irrelevant to the statutory tolling analysis in both *Williams II* and *Williams III*. *See Golden v. Ford,* 535 F. App'x 755, 756 (10th Cir. 2013) (denying additional statutory tolling for days subsumed by another tolling period).

Similarly, Williams's second Rule 37 petition, filed on July 25, 2000, had *no tolling effect* regarding either *Williams II* or *Williams III* because it was dismissed as untimely. When the state court rejects a state post-conviction petition as untimely, it

8

is not "properly filed" under § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of [statutory tolling under] § 2244(d)(2).").

Finally, Williams's remaining state post-conviction petitions -- filed in July 2003, April 2015 and October 2016 -- had *no tolling effect* on the **February 8, 2001** deadline in *Williams II* or the **August 2, 2001** deadline in *Williams III,* because they were all filed *long after* those deadlines had expired. *See Jackson v. Ault,* 452 F.3d 734, 735-36 (8th Cir. 2006) (the statute of limitations for filing a federal habeas action "cannot be tolled after it expires").

Williams argues that the limitations period for both *Williams II* and *Williams III* did not expire until one year after the Arkansas Supreme Court's January 21, 2016 decision denying his petition to correct an illegal sentence. *Doc. 17 at 4.* However, the law is clear that the mere filing of a state post-conviction petition – years after expiration of the one-year statute of limitations – does not "restart" the limitations period. *Jackson,* 452 F.3d at 735-36; *see also Cordle v. Guarino,* 428 F.3d 46, 48 n.4 (1st Cir. 2005) (§ 2244(d)(2) "only stops, but does not reset the [limitations]clock from ticking and cannot revive a time period that has already expired").

## 2. Equitable Tolling

Although not specifically argued by Williams, the Court has also considered whether there is any basis for equitably tolling the one-year limitations period. A federal habeas petitioner may be entitled to equitable tolling of the statute of limitations if he can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 645, 649 (2010).

First, Williams has not demonstrated that he pursued his rights diligently. After the Arkansas Supreme Court affirmed his third and final conviction, in May 2000, Williams waited *seven* years before filing his first federal habeas petition, which challenged only his conviction in *Williams I.* He then waited *ten more years* before filing this federal habeas action, which seeks to challenge his convictions in all three of his state cases. The fact that he was pursuing state post-conviction relief during part of that time does not excuse his lack of diligence. *See Pace,* 544 U.S. at 416 (refusing to apply equitable tolling during period that petitioner was "trying in good faith to exhaust state remedies," and observing that petitioner could have filed a "protective" habeas petition in federal court); *Gordon v. Arkansas,* 823 F.3d 1188, 1195 n.4 (8th Cir. 2016) (refusing to apply equitable tolling to period petitioner was attempting to exhaust state-court remedies).

Second, Williams has not alleged, much less demonstrated, any "extraordinary circumstances" as required by *Holland.* The Eighth Circuit has held repeatedly that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does not justify equitable tolling. *See, e.g., Johnson v. Hobbs,* 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris,* 390 F.3d 595, 597-98 (8th Cir. 2004).

Accordingly, Williams is not entitled to any equitable tolling.

### 3. Actual Innocence

In his § 2254 habeas petition, one of Williams's claims is that the errors in *Williams III* constituted a "miscarriage of justice," including the prosecution's "suppression" of exculpatory evidence that "could have exonerated [him] and prove[d] his innocen[ce]." *Doc. 3 at 22-27.* Liberally construing that claim, the Court must now consider whether these allegations constitute a "gateway" claim of actual innocence that would permit review of his otherwise untimely claims in *Williams III*.[2]

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the expiration of the statute of limitations. The Court cautioned

---

[2]Williams does *not* make a similar actual-innocence claim in connection with his conviction in *Williams II*.

11

that "tenable actual-innocence gateway pleas are rare," and reiterated the "demanding" standard articulated in its previous cases: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)). The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324.

In support of his claim of innocence, Williams relies on Patria Phillips's September 22, 1994 statement to police that *two men* raped her and that one of them choked and beat her. *Doc. 3 at 56-58.* During her trial testimony in *Williams III,* she stated *only Williams* attacked and raped her. According to Williams, if the jury had known that two individuals were involved, it "would have changed the whole outcome of the proceeding."[3] *Doc. 3 at 25-27.*

---

[3]Although Williams alleges that Phillips's statement was "withheld" and "suppressed" by the prosecution, he does not state when he came into possession of it, or what efforts he made to obtain it. *See Doc. 3 at 25-27.* However, the Court notes that, in Williams's second Rule 37 petition, filed on July 25, 2000, he alleged that Phillips initially accused Williams's brother and a friend also named "Jackie," but was convinced by a friend to "switch" to accusing Williams. *Williams § 2254 I, doc. 23 at 21-22. This strongly suggests that Williams was aware, as early as 2000, that Phillips's trial testimony was inconsistent with her earlier statements.* Nevertheless, in order to give Williams the benefit of the doubt, the Court will assume Phillips's September 22, 1994 statement constitutes "new evidence."

In affirming Williams's conviction, the Arkansas Supreme Court summarized Phillips's trial testimony as follows:

> The victim of the rape, Patria Phillips, was working as a prostitute on the evening of September 18, 1994. She and a friend were walking down the street when they were stopped by two men on bicycles. One of the men offered Ms. Phillips money in exchange for sex, and she agreed to accompany him to an abandoned house. Ms. Phillips testified that she entered the house with the man and held out her hand for the money that he agreed to pay her. Rather than pay her, however, the man began to hit Ms. Phillips and then pushed her onto a mattress in one of the house's bedrooms, where he continued to hit her in the face and choke her. Ms. Phillips testified that he then forced her to engage in sexual intercourse.

*Williams III, supra* at *1.

In the September 22, 1994 witness statement, dated four days after the alleged rape, Phillips told the police detective that both men engaged in sexual intercourse with her, but only "the first guy" choked and beat her. She said that, at one point, she heard "the first guy" say, "Is that you, Jackie? … Come on in." After that, Jackie, the "second guy," had sex with her but "didn't hit [her]." *Doc. 3 at 56-58.* Williams's first name is Jackie.

While the September 22, 1994 statement was inconsistent with Phillips's testimony in some respects, it is fully consistent with her trial testimony that Williams forcibly engaged in sexual intercourse with her. He was convicted of raping her, not choking or beating her.

Furthermore, in evaluating an actual-innocence claim, the Court "must consider all the evidence, old and new, incriminating and exculpatory," and "[b]ased on this total record," make "a probabilistic determination about what reasonable, properly instructed jurors would do." *House,* 547 U.S. at 538 (internal quotation marks omitted). In addition to Phillips's trial testimony, other evidence pointed to Williams's guilt, including: (1) Phillips positively identified Williams from a photospread as her attacker; and (2) DNA test results, performed on samples taken from Williams and Phillips, which showed that there was a *one in five-million chance* that the DNA did not belong to Williams. This constituted strong independent evidence that directly supported Phillips's trial testimony. Thus, even if Williams had been able to use Phillips's September 22, 1994 statement to attempt to impeach her credibility, it would *not* have been sufficient to "show that it is more likely than not that no reasonable juror would have convicted" Williams of raping her. *Schlup,* 513 U.S. at 327; *Sawyer v. Whitley,* 505 U.S. 333, 349 (1992) ("[L]atter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [the witness's] account of petitioner's actions.").

Because Williams's "new" evidence is insufficient to meet the demanding actual-innocence standard, he is *not* entitled to invoke that legal theory to overcome the expiration of the statute of limitations.

Accordingly, all of Williams's federal habeas claims challenging his *Williams II* and *Williams III* convictions are time-barred.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's Motion to Dismiss, *Doc. 7,* be GRANTED, and this 28 U.S.C. § 2254 action be DISMISSED in its entirety;

2. Williams's claims regarding his conviction and sentence in *Williams v. State*, 1997 WL 160778 (Ark. Ct. App. Apr. 2, 1997), be DISMISSED, WITHOUT PREJUDICE, so that Williams may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition;

3. Williams's claims regarding the convictions and sentences in *Williams v. State*, 331 Ark. 263, 962 S.W.2d 329 (Ark. 1998), and *Williams v. State,* 2000 WL 546653 (Ark. Sup. Ct. May 4, 2000), be DISMISSED, WITH PREJUDICE, as untimely; and

4. A Certificate of Appealability be DENIED, *see* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

DATED this 7th day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE